UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

GOLIB RUZMONOV PETITIONER

V. CIVIL ACTION No. 5:26-CV-242-DCB-BWR

WARDEN, Adams County Correctional Center RESPONDENT

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation ("Report") [ECF No. 10] of the United States Magistrate Judge entered herein on September 21, 2026, in this action brought pursuant to 28 U.S.C. § 2241. In the Report, Judge Rath recommended that Golib Ruzmonov ("Petitioner")'s Petition [ECF No. 1] be dismissed without prejudice because Petitioner's detention while his removal proceedings are ongoing is statutorily mandated and does not violate the Fifth Amendment's Due Process Clause. Subsequently, Judge Rath further recommends that Petitioner's Motion to Expedite [ECF No. 2] should be denied as moot. Petitioner, proceeding pro se, has failed to file objections to the Report by his deadline of October 5, 2026.

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is

made.”). Where there are no objections, the Court applies the “clearly erroneous, abuse of discretion and contrary to law” standard of review to the Report and Recommendation. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

The Court has reviewed the Petition [ECF No. 1], the Motion to Expedite [ECF No. 2], and the related filings. Having considered the Report of Judge Rath, the Court adopts his findings and conclusions in full.

First, Judge Rath determined, after a thorough review of applicable law, that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(1) because his removal proceedings are ongoing. The Court agrees. See Jennings v. Rodriguez, 583 U.S. 281, 297 (2018) (“Read most naturally, §§ 1225(b)(1) and (b)(2) thus mandate detention of applicants for admission until certain proceedings have concluded.”).

Second, Judge Rath determined that § 1225(b)(1) does not invoke any statutory right to a bond hearing and does not impose a limit on the length of detention. The Court agrees. See Id. (stating “[N]either § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings.”).

Third, Judge Rath determined that Petitioner has no entitlement to procedural rights outside of those established by statute because he was apprehended at his initial entry. The Court

agrees. It is well established that an alien who is detained at his initial entry, like Petitioner, is strictly limited to statutorily created rights that may not extend to those provided under the Due Process Clause. See Dep't of Homeland Security v. Thuraissigiam, 591 U.S. 103, 107 (2020)(holding that an alien apprehended at the threshold of initial entry is not afforded greater rights under the Due Process Clause); see also Shaughnessy v. United States ex rel. Mezei, 345 U.S. 206, 212 (1953) (stating "Whatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned.")(internal citations and quotation omitted).

Lastly, Judge Rath determined that Petitioner's allegation that he is not receiving adequate medical care is not a cognizable action under § 2241. The Court agrees. See Boyle v. Wilson, 814 F.App'x 881, 882 (5th Cir.2020) (holding a habeas petition is not the proper procedural vehicle for challenging conditions of confinement).

ACCORDINGLY,

IT IS, THEREFORE, ORDERED that the Report and Recommendation [ECF No. 10] be, and the same herby is, adopted as the finding of this Court. Consequently, Golib Ruzmonov's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [ECF No. 1] should be dismissed without prejudice, and Petitioner's Motion to Expedite

[ECF No. 2] is denied as moot. Pursuant to Rule 58 of the Federal Rules of Civil Procedure, a separate judgment will be entered.

SO ORDERED AND ADJUDGED this the 14 day of October, 2026.

/s/ David C. Bramlette
David C. Bramlette III
UNITED STATES DISTRICT JUDGE